UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAREPAYMENT FINANCING LLC | ) |
| Plaintiff, | ) |
| v. | ) Case No. _____ |
| HEARING BETTER FOR LIFE, LLC | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT

Plaintiff CarePayment Financing LLC, by and through undersigned counsel, sets forth the following claim for breach of contract against Defendant Hearing Better for Life, LLC, and, for its claims for relief, states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff CarePayment Financing LLC ("CarePayment") is a limited liability company organized under the laws of the State of Oregon, with its principal place of business at 4015 Hillsboro Pike, Suite 214, Nashville, Tennessee, 37215. CarePayment's sole member is CarePayment Technologies, Inc., a corporation organized under the laws of the State of Oregon.

2. Defendant Hearing Better for Life, LLC ("HBFL") is a limited liability company that is organized under the laws of the State of New York, with its principal place of business at 266 Merrick Road, Suite 101, Lynbrook, New York, 11563. Upon information and belief, the member or members of HBFL are domiciled in or citizens of New York.

3. This court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 because the amount in controversy, excluding interest and costs, exceeds $75,000 and is between citizens of different states.

4. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. §1391.

**FACTUAL ALLEGATIONS**

5. Plaintiff CarePayment is a patient financial engagement company. CarePayment's business model involves working with providers of healthcare services and/or products to offer 0% interest revolving lines of credit to pay patients' out-of-pocket medical expenses. CarePayment also purchases and collects on accounts receivable owed by patients to providers of healthcare services and/or products. When CarePayment purchases a patient account, this is known as "funding" the account.

6. Defendant HBFL is a provider of hearing aids.

7. Effective August 13, 2018, CarePayment and HBFL entered into a contract known as the CarePayment Program Agreement (the "Agreement"). A true and correct copy of the Agreement is in the possession of Defendant HBFL.

8. Under §4.1 of the Agreement, CarePayment has the option to purchase (or "fund") eligible HBFL patient accounts. Agreement.

9. Under §2.2 of the Agreement CarePayment is authorized to collect accounts it has chosen to fund.

10. The occurrence of certain events, identified in the Agreement as "Recourse Events," which are identified in §1.29(a)(s) of the Agreement, requires HBFL to repurchase funded accounts from CarePayment for a price equal to the then-current account balance, as set forth in §§6.1 and 6.2 of the Agreement.

11. Since entering into the Agreement, CarePayment has funded HBFL patient accounts.

2

12. HBFL failed to repurchase numerous funded accounts that were subject to Recourse Events, thus breaching §6.1 of the Agreement.

13. Under §12.4 of the Agreement, CarePayment may terminate the Agreement by giving HBFL at least 30 days' written notice if HBFL has materially breached the Agreement and fails to cure its breach within the 30 day period (or a longer period of time if the breach cannot be cured within 30 days and HBFL promptly and diligently pursues a cure).

14. On March 15, 2019, CarePayment sent HBFL a letter by USPS certified mail, return receipt requested, notifying HBFL that it was in breach of its repurchase obligations under §6.1 of the Agreement, and demanding payment of $369,553.95 owed to that point due to HBFL's breaches. The letter also notified HBFL that, absent cure, CarePayment would terminate the Agreement on April 19, 2019 pursuant to §12.4 of the Agreement.

15. HBFL did not repurchase the required accounts, either within 30 days or thereafter. HBFL thus did not cure its material breaches of the Agreement.

16. HBFL's breaches were capable of cure within 30 days.

17. HBFL did not promptly and diligently seek to cure its material breaches.

18. Pursuant to §12.4 of the Agreement and CarePayment's March 15, 2019 letter, the Agreement terminated on April 19, 2019.

19. Under §13.2 of the Agreement, once the Agreement terminated, HBFL was required to repurchase not only the funded accounts that were already subject to Recourse Events, but *all* Funded Accounts.

20. As of the date of filing this Complaint, HBFL has not repurchased all funded accounts from CarePayment as required by §13.2 of the Agreement.

## COUNT ONE: BREACH OF CONTRACT

21. CarePayment incorporates by reference the allegations in Paragraphs 1 through 20 above as though fully set out herein.

22. HBFL materially breached the Agreement by failing to repurchase numerous funded accounts that were subject to Recourse Events.

23. HBFL also materially breached the Agreement by failing to repurchase all funded accounts after CarePayment validly terminated the Agreement on April 19, 2019.

24. CarePayment has suffered damages as a result of HBFL's failure to repurchase accounts as required by the Agreement.

25. CarePayment provided HBFL with written notice of its intention to terminate the Agreement due to HBFL's material breaches. CarePayment then properly terminated the Agreement on April 19, 2019 pursuant to §12.4. Because that termination occurred prior to the first anniversary of the Agreement's Effective Date (which was August 12, 2018), CarePayment is entitled, in addition to any other rights and remedies, to an early termination fee of $50,000 under §13.8 of the Agreement.

26. CarePayment is entitled to interest on amounts HBFL has failed to pay under the Agreement, in the amount provided by §18.16 of the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CarePayment Financing LLC prays for a judgment in favor of CarePayment and against Hearing Better for Life, LLC, for the following relief:

1. An award of compensatory damages for HBFL's breaches of the Agreement in an amount to be proven at trial, but not less than $426,160;

2. Pre- and post-judgment interest;

3. Pursuant to §18.15 of the Agreement, attorney's fees, costs, and other expenses incurred in connection with this litigation; and

4. Such other and further relief, both general and specific, to which this Court finds CarePayment is entitled.

Respectfully submitted,

*/s/ E. Steele Clayton IV*
E. Steele Clayton IV (TN BPR #17298)
Nicholas J. Goldin (TN BPR #36029)
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6200
Facsimile (615) 742-6293

*Attorneys for Plaintiff CarePayment Financing LLC*

5

Case 3:19-cv-00444   Document 1   Filed 05/24/19   Page 5 of 5 PageID #: 5